**Jack SHOWELL et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16872.**

United States Court of Appeals
Ninth Circuit.

Jan. 9, 1961.

W. Lee McLane, Jr., Phoenix, Ariz., Nola McLane, Thaddeus Rojek, Los Angeles, Cal., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, Robert N. Anderson, Norman H. Wolfe, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS, Chief Judge, and POPE and MERRILL, Circuit Judges.

PER CURIAM.

This is the third time this court has had occasion to review decisions of the Tax Court upon the petitioners' petitions for redetermination of income tax deficiencies for the year 1949. See Showell v. Commissioner, 238 F.2d 148, Showell v. Commissioner, 254 F.2d 461. The Commissioner's determinations showed a deficiency of $3,946.65 for Jack Showell and of $4,065.69 for Dorothy Showell. The decision of the Tax Court, each time, fixed the deficiencies due from these two petitioners at $3,286.65 and $3,392.25.

Upon our first review we expressed dissatisfaction with the Tax Court's findings, particularly as respects a written Exhibit 3 which the Tax Court had apparently credited in part, and stated: "We have such dissatisfaction with [the findings] that we have determined to send the case back to the Tax Court to make new findings." We also held that petitioners' claim that they should have been allowed to prove their income by "net worth" proof, was not supported by sufficient foundation or offers of proof. The case was remanded for further proceedings.

Upon the second review, which was of the Tax Court's decision following our first remand, we disposed of the case as follows: "We remand the case to be reopened by the Tax Court to receive further evidence. Particularly the authenticity of Exhibit 3 should be a subject of inquiry. It should set aside its findings and decision." Thereafter the petition for redetermination came on for hearing in the Tax Court pursuant to our remand. Counsel for petitioners was asked if he proposed any additional evidence. He replied in the negative. The respondent Commissioner then produced an expert witness who testified that the entries on Exhibit 3 were not made on the dates shown for the transactions there indicated, but that a portion of the numerous entries were all written at one time and the remaining portion all at another time;—in short, that Exhibit 3 was not a document kept in the normal course of bookkeeping business; that it was not a contemporaneous business record. Petitioners cross-examined this witness but produced no further evidence.

The Tax Court found that "The petitioner did not keep regular, adequate and permanent books and records of his wagering transactions." It determined the deficiencies to be the same as previously decided.

When we remanded the case "to receive further evidence" we did not limit or define the scope of such evidence. When no new evidence was offered by petitioners, and the court in effect rejected the Exhibit 3 as without probative value, there was no evidence upon which the Tax Court could redetermine anything. Under the Tax Court's Rule 32, adopted pursuant to § 7453 of Title 26, the burden of proof before the court was on the petitioner. Hence, upon final submission the court had nothing before it which it was willing to credit. The result is that the record last before the Tax Court simply fails to furnish anything to support the petition for redetermination. Since the burden of proof was not met, the decision must be affirmed.

It is so ordered.